MONTIE L, Judge,
dissenting.
I dissent from the majority’s holding that “Batson does not extend to gender-based strikes.”[2] In 1986, the United States Supreme Court in Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986), held that “[t]he Equal Protection Clause guarantees the defendant that the State will not exclude members of his race from the jury venire on account of race ... or on the false assumption that members of his race as a group are not qualified to serve as jurors.” Batson, 476 U.S. at 86, 106 S.Ct. at 1717. Although the Supreme Court has not expressly stated that Batson is applicable to gender-based strikes, I believe that it is the logical extension of Batson in light of the language in Batson and in cases that have-followed. This fact was acknowledged by *1145 Chief Justice Burger in his dissenting opinion in Batson.
In Batson, the Court stated that a “defendant does have the right to be tried by a jury whose members are selected pursuant to nondiscriminatory criteria.” However, the Court further noted that “[t]he harm from discriminatory jury selection inflicted on the defendant and the excluded juror” even extends “to touch the entire community.” Batson, 476 U.S. at 87, 106 S.Ct. at 1718 (emphasis added). In Powers v. Ohio, 499 U.S. 400, 111 S.Ct. 1364, 113 L.Ed.2d 411 (1991), the Supreme Court held that a white defendant may object to the prosecution’s use of its peremptory strikes to remove blacks from the jury venire. In that case, the Court’s decision was based on the juror’s right not to be excluded from jury service for discriminatory reasons, because jury service is “a significant opportunity to participate in civic life.” Powers, 499 U.S. at 409, 111 S.Ct. at 1370. “An individual juror does not have a right to sit on any particular petit jury, but he or she does possess the right not to be excluded from one on account of race.” Powers, 499 U.S. at 409, 111 S.Ct. at 1370. In Edmondson v. Leesville Concrete Co., — U.S. -, 111 S.Ct. 2077, 114 L.Ed.2d 660 (1991), the Supreme Court further expanded Batson and held that it is applicable in civil cases and that neither party in a civil case may use peremptory strikes to remove blacks from the jury solely on the basis of their race.
In each of these cases, the Supreme Court emphasized the rights of the excluded juror. From a reading of these cases, I believe that the Equal Protection Clause is violated by the prosecution’s use of its peremptory strikes to strike women solely because of their sex (as was the situation in the case at bar) or on the presumption that woman jurors as a group cannot impartially decide a ease. As Chief Justice Burger stated in his dissenting opinion in Batson, “if conventional equal protection principles apply, then presumably defendants could object to exclusions on the basis of not only race, but also sex, ... age, ... religious or political affiliation, ... mental capacity, ... number of children, ... living arrangements, ... and employment in a particular industry, ... or profession,” Batson, 476 U.S. at 124, 106 S.Ct. at 1737. See also Justice Scalia’s dissenting opinion in Powers (application of reasoning of Batson to peremptory strikes based on “sex, religion, age, economic status and any other personal characteristic unrelated to the capacity for responsible jury service” is “arguably within the logic of [Bat-son ]”).
I agree with Chief Justice Burger that the result of Batson ultimately will be to abolish peremptory strikes. As stated in Chief Justice Burger’s dissenting opinion in Batson:
“Our system permits two types of challenges: challenges for cause and peremptory challenges. Challenges for cause obviously have to be explained; by definition, peremptory challenges do not. ‘It is called a peremptory challenge, because the prisoner may challenge peremptorily, on his own dislike, without showing of any cause.’ H. Joy, On Peremptory Challenge of Jurors 1 (1844) (emphasis added). Analytically, there is no middle ground: A challenge either has to be explained or it does not. It is readily apparent, then, that to permit inquiry into the basis for a peremptory challenge would force ‘the peremptory challenge [to] collapse into the challenge for cause.’ United States v. Clark, 737 F.2d 679, 682 (CA7 1984).”
Batson, 476 U.S. at 127, 106 S.Ct. at 1739. Given the Supreme Court’s present extension of Batson and the logical and anticipated extensions, peremptory strikes will become a thing of the past, because parties will have to explain virtually every strike.[3] Although peremptory strikes are not constitutionally mandated, Batson, they are an important and traditional aspect of our legal justice system. Batson restrains the parties from freely exercising strikes to remove persons from the jury for reasons that cannot always be articulated. While I agree with the reasoning of the dissent of Chief Justice Burger in Rai- *1146 son, I recognize that this court is bound to follow the decisions of the United States Supreme Court. Therefore, I dissent from the majority’s opinion because I believe that the reasoning of Batson logically extends to gender-based discrimination.

. Several courts have already determined that Batson is applicable to gender-based discrimination. See United States v. De Gross, 913 F.2d 1417 (9th Cir.1990); State v. Levinson, 71 Haw. 492, 795 P.2d 845 (1990); People v. Irizarry, 165 A.D.2d 715, 560 N.Y.S.2d 279 (1990).

. Recently, this court held that "the jury selection standards announced in Batson, Powers, and Edmondson also apply to the defense in a criminal case.” Lemley v. State, 599 So.2d 64 (Ala. Crim.App.1992). See also Pilot v. State, 607 So.2d 306 (Ala.Crim.App.1992).